J-S27033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEO JOSEPH MCALLISTER | : | |
| | : | |
| Appellant | : | No. 23 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 3, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007751-2017

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

CONCURRING MEMORANDUM BY OLSON, J.: **FILED: January 11, 2022**

I agree with the Learned Majority that Appellant cannot be sentenced for corruption of minors graded as a third-degree felony given that the trial court failed to instruct the jury as to course of conduct, a critical element which distinguishes the felony version of corruption of minors from the version graded as a first-degree misdemeanor. I question, however, whether Appellant's conviction for felony corruption of minors under 18 Pa. C.S.A. § 6301(a)(1)(ii) can be sustained in this appeal in view of the precise jury instruction given by the trial court. In my view, Appellant's claims implicate not only the legality of his sentence but also his constitutional rights under

---

[*] Retired Senior Judge assigned to the Superior Court.

*Apprendi/Alleyene*[1], which I believe (for reasons developed more fully below) that Appellant properly preserved for appeal. Because, as the Majority concludes, the jury was not charged with all elements needed to convict Appellant of corruption of minors graded as a third-degree felony, I am unable to conclude, with confidence, that Appellant's felony conviction was proper. Notwithstanding, the jury was instructed with all of the elements needed to establish the crime of corruption of minors as a first-degree misdemeanor under 18 Pa. C.S.A. § 6301(a)(1)(i) and the evidence was sufficient to convict Appellant of this crime. Accordingly, I would vacate Appellant's conviction under Section 6301(a)(1)(ii), order the trial court to impose a conviction under Section 6301(a)(1)(i), and remand for resentencing.

Following his conviction and sentence, Appellant filed a timely post-sentence motion which included a claim that his conviction for corruption of minors was insufficient as a matter of law. Post-Sentence Motion ¶ 6; Amended Post-Sentence Motion ¶ 7. The trial court denied his post-sentence motion by order on November 7, 2019. No direct appeal was filed within 30 days, but on August 17, 2020, Appellant filed a petition under the Post-Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-9546, seeking

---

[1] *Apprendi v. N.J.*, 530 U.S. 466 (2000) (other than the fact of a prior conviction, any fact that increases penalties for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt); *Alleyne v. U.S.*, 570 U.S. 99 (2103) (any fact that increases the mandatory minimum sentence for a crime is an element of the crime and must be submitted to the jury and proven beyond a reasonable doubt).

reinstatement of his appellate rights, which the trial court granted on November 23, 2020. A timely notice of appeal was filed. In accordance with the trial court's order of December 28, 2020, Appellant filed a timely Rule 1925(b) concise statement of errors complained of on appeal which included the following claim of error:

> Corruption of minors jumps in grading from a first-degree misdemeanor to a third-degree felony provided proof of "any course of conduct in violation of Chapter 31 of Title 18." The finding of that fact increases the maximum possible sentence by two years. The jury wasn't instructed on "course of conduct," yet Appellant stands convicted of corruption of minors as a third-degree felony. **Is that contrary to the *Apprendi/Alleyne* line of cases?**

Appellant's 1925(b) statement, p. 1-2 (emphasis added). Thus, the issue raised by Appellant in his concise statement, although not a model of clarity, asks whether Appellant's conviction of corruption of minors as a third-degree felony can stand when all elements of the crime were not submitted properly to the jury in violation of *Apprendi* and *Alleyne*.

Although couched in terms of sufficiency of the evidence (or a violation of constitutional rights), the trial court viewed the issue as one involving the legality of Appellant's sentence and analyzed it as such. Trial Court Opinion, 2/23/21, p. 2 ("Appellant's first issue raised on appeal relates to the legality of his sentence"). Following the trial court's lead, Appellant's brief filed with this Court phrased the question presented as:

> Corruption of minors jumps in grading from a first-degree misdemeanor to a third-degree felony provided proof of

"any course of conduct in violation of Chapter 31 of Title 18." The finding of that fact increases the maximum possible sentence by two years. The jury wasn't instructed on "course of conduct," yet Appellant stands convicted of corruption of minors as a third-degree felony. **Does that constitute an illegal sentence?**

Appellant's Brief at 4 (emphasis added; brackets omitted).

In my view, this is not a legality of sentence issue and should not be analyzed as such.[2] Instead, the issue (which was preserved) is whether the fact of a "course of conduct" was presented to the jury properly such that the jury could make that factual finding beyond a reasonable doubt. If not, Appellant's conviction for corruption of minors as a third-degree felony cannot stand.

Appellant was charged with, *inter alia*, corruption of minors under Section 6301(a)(1)(ii). Criminal Complaint, Count 2. This section provides:

> Whoever, being of the age of 18 years and upwards, **by any course of conduct in violation of Chapter 31 (relating to sexual offenses)** corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of the offense under Chapter 31 commits a felony of the third degree.

_____

[2] Appellant was sentenced to a concurrent term of two to four years' incarceration for corruption of minors graded as a third-degree felony. N.T. Sentencing at 8, 26; Sentencing Order, 9/3/19. Two to four years of incarceration for a third-degree felony is not an illegal sentence. Instead, the gravamen of Appellant's claim appears to be that he should not have been convicted/sentenced of a third-degree felony in view of the precise instructions issued to the jury and under the unique facts and circumstances of this case.

18 Pa. C.S.A. § 6301(a)(1)(ii) (emphasis added).  Thus, to convict Appellant of corruption of minors as a third-degree felony, the jury needed to find beyond a reasonable doubt that i) Appellant was 18 years of age or older; ii) the victim was a minor less than 18 years of age; iii) Appellant attempted to corrupt the morals of the victim through improper sexual contact in violation of Chapter 31 of the Crimes Code; **and** (iv)  Appellant engaged in a course of conduct in violation of Chapter 31.

In the case at hand, there is no question that the jury was not properly instructed as to the four elements required to convict Appellant of corruption of minors as a third-degree felony.  Although the trial court instructed the jury as to the first three elements of the crime, it failed to advise the jury as to what "a course of conduct" means and that the jury was required to find, beyond a reasonable doubt, that Appellant engaged in a course of conduct through improper sexual contact with victim.  N.T. Trial at 308-09.  The jury returned a verdict of guilty as to the crime of corruption of minors and made the additional finding that Appellant "engaged in a course of conduct constituting sexual offenses."  Verdict, 6/11/19, at 2.  However, the jury was never instructed, with specific reference to the offense of corruption of minors, what is meant by "a course of conduct constituting sexual offenses" nor was the jury told that it had to make this factual finding beyond a reasonable doubt in order to find Appellant guilty of corruption of minors as defined by Section 6301(a)(1)(ii).  Instead, in the absence of appropriate guidance, "the jury

simply found what it was not permitted to find"; *i.e.* that Appellant engaged in a course of conduct involving sexual offenses. ***Commonwealth v. May***, 656 A.2d 1335, 1344 (Pa. 1995).

In ***May***, the appellant was sentenced to death because the jury found that the killing of the victim was committed while in the perpetration of a felony; *i.e.*, rape. During the penalty phase, the Commonwealth presented two aggravating circumstances, one being that the killing occurred during *attempted* rape. Before deliberating on the penalty to be imposed, the jury was instructed as to the elements of *attempted* rape and never instructed as to the elements of rape. The appellant argued that the verdict was invalid as the jury was not instructed on the elements of rape and that the evidence was insufficient to support a finding that the victim was raped. Our Supreme Court agreed with the appellant and vacated the death sentence finding as follows:

> The jury here simply found what it was not permitted to find. We decline to speculate as to what the jury may have intended and refuse to attempt to "mold" the death sentence verdict to that intention, whatever it may be, since there is not evidence on the record as to the jury's intention other than it "found" that [a]ppellant committed the crime of rape.

*Id.* at 1344-1345 (footnote omitted). ***See also Commonwealth v. Billa***, 555 A.2d 835, 845 (Pa. 1989), *abrogated on other grounds*, ***Commonwealth v. Freeman***, 827 A.2d 385 (Pa. 2003) (Although the Commonwealth presented aggravating circumstances that the killing was committed during a rape, the trial court failed to instruct the jury as to the elements of rape. The

Supreme Court held that it was error to allow the jury to speculate as to the elements of the crime holding: "the court must define the elements of any felony which the Commonwealth seeks to use as the basis for conviction or sentence").

In the instant case, although charged with corruption of minors under Section 6301(a)(1)(ii), which requires a finding that Appellant engaged in a course of conduct involving sexual offenses, the jury was never told what that meant.  Yet, on the verdict form, when asked whether Appellant was guilty or not guilty of corruption of minors, the jury responded "Guilty".  The jury went on to answer the following question: "Do you find that the defendant engaged in a course of conduct constituting sexual offenses?" by answering "Yes".  Verdict, 6/11/919 at 2.   As the trial court never advised the jury that "course of conduct" was a required element of the crime of corruption of minors under Section 6301(a)(1)(ii), never defined this element of the crime, and never told the jury that this element had to be proven beyond a reasonable doubt, the jury "simply found what it was not permitted to find."   It would be mere speculation to conclude that the jury found, beyond a reasonable doubt, that all four elements of the crime of corruption of minors as a third-degree felony were established.   Hence, I believe that the conviction under Section 6301(a)(1)(ii) must be vacated.

I note, however, that the jury **was** properly charged with the elements of the crime of corruption of minors as a first-degree misdemeanor. Section 6301(a)(1)(i) of Title 18 defines this crime as follows:

> Except as provided in subparagraph (ii) [which requires a finding of a course of conduct in violation of Chapter 31 (relating to sexual offenses)], whoever, being of the age of 18 years and upwards, **by any act** corrupts or tends to corrupt, the morals of any minor less than 18 years of age, or who aids, abets, entices of encourages any such minor in the commission of any crime, or who knowingly assists, or encourages such minor to in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa. C.S.A. § 6301(a)(1)(i) (emphasis added). In this case, the record is replete with evidence that Appellant (who was over 18 years of age) engaged in **any act** that corrupted or tended to corrupt the morals of the victim (who was less than 18 years of age). Moreover, the jury was properly charged as to both the elements of this crime and the requirement that all the elements had to be proven beyond a reasonable doubt. The verdict form clearly indicates that the jury found Appellant guilty of the crime of corruption of minors. As the evidence is sufficient to support a conviction under Section 6301(a)(1)(i) and as the jury was properly instructed as to the offense under this section, I would instruct the trial court to enter a conviction of corruption

of minors as a first-degree misdemeanor and remand to the trial court for

resentencing on that offense.[3]

_____

[3] It could be argued that merely remanding for resentencing, as the learned Majority does, is sufficient to rectify the error in this case. I disagree. Unless the conviction under 18 Pa. C.S.A. § 6301(a)(1)(ii) is vacated, Appellant continues to stand convicted of a third-degree felony as opposed to a first-degree misdemeanor which could have future consequences for Appellant.